**James Durelle BOLES, Sr.**

v.

**Debra FOX et al.**

**Civ. No. 3–75–225.**

United States District Court,
E. D. Tennessee, N. D.

Sept. 24, 1975.

---

**254**

James Durelle Boles, Sr., pro se.

Richard L. Hollow, Dale C. Workman, Wheeler A. Rosenbalm, William N. Groover, Charles N. Rader, Knoxville, Ky., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is an action for alleged deprivation of Constitutional rights in connection with certain proceedings in the Knox County General Sessions and Circuit Courts. Plaintiff, in a *pro se* complaint, states that this Court has jurisdiction pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 and 28 U.S.C. § 1343.

It appears from the face of the complaint that the alleged wrongful acts of defendants Waggoner, Teffeteller, Smith, and Lowry, in connection with the attachment of two of plaintiff's automobiles, occurred more than one year prior to the filing of this lawsuit. Accordingly, the action against them is barred by the statute of limitations. T.C.A. 28–304 (Supp.1974); *Erwin v. Neal*, 494 F.2d 1351 (6th Cir. 1974). In any event, plaintiff has failed to state a claim upon which relief can be granted with regard to these defendants. *See Rhodes v. Sigler*, 448 F.2d 1237 (8th Cir. 1971); *Carter v. Chief of Police*, 437 F.2d 413 (3rd Cir. 1971) (The alleged unlawful detention of one's personal property is not a proper claim under the Civil Rights Act).

The County of Knox is not a "person" within the meaning of the Civil Rights Act, and the action against it must be dismissed. *Moor v. County of Alameda*, 411 U.S. 693, 710, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973).

The remaining defendants, Cain, Mullins and Debra and Michael Fox, are private individuals who did not act under "color of law" in doing the allegedly wrongful acts of which plaintiff complains. *Monroe v. Pape*, 365 U.S. 167, 184, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Even if it is assumed that plaintiff has attempted to allege a conspiracy between these individuals to deprive plaintiff of his civil rights pursuant to Section 1985(3), the complaint is written in broad and conclusory language with no allegations of specific overt acts of conspiracy or specific intent to discriminate. Accordingly, the action against these defendants will be dismissed. *Tyree v. Smith*, 289 F.Supp. 174, 177–78 (E.D.Tenn.1968). *See also, Robinson v. McCorkle*, 462 F.2d 111 (3d Cir.) cert. den. 409 U.S. 1042, 93 S.Ct. 529, 34 L.Ed. 2d 492 (1972).

Finally, it appears that the complaint, even when read in the light most favorable to plaintiff, fails to state a claim upon which relief can be granted. Plaintiff has not made a sufficient showing that he was deprived of rights secured by the "Constitution and laws" of the United States in order to withstand the motions to dismiss. 42 U.S.C. § 1983; *Adickes v. S. H. Kress & Co.,*

398 U.S. 144, 150, 90 S.Ct. 1598, 26 L. Ed.2d 142 (1970).

█ The Court is not unmindful of the stringent test that must be met before a civil rights lawsuit can be dismissed on the pleadings. *See Lucarell v. McNair*, 453 F.2d 836 (6th Cir. 1972). Defendants have also moved for summary judgment pursuant to Rule 56, F.R. C.P. The Court heard oral arguments on all motions, except those of defendants Mahood and Creekmore which had previously been sustained. No written response to the motions was filed by plaintiff.

█ It appears from the uncontradicted affidavit of Francis A. Cain that the dispute in this lawsuit arose out of certain proceedings in the State courts in which plaintiff's two automobiles were attached to satisfy a judgment. It further appears that rather than being involved in a conspiracy to violate plaintiff's civil rights, the defendants Cain and Debra and Michael Fox were pursuing legitimate remedies in the State courts seeking satisfaction of their judgment against plaintiff.

It appears from the uncontroverted affidavit of Mullins that he was merely acting under the instructions of officials of Knox County with respect to storing plaintiff's two automobiles. The conspiracy allegation against him is therefore insufficient. There were no affidavits filed in support of the motion for summary judgment by defendants Teffeteller, Waggoner, Lowry or Smith, but, as previously indicated, the action against them is barred by the statute of limitations.

The Court is advised that plaintiff is pursuing his State appellate remedies in connection with the proceedings about which he complains. It appears that the matters raised in the complaint are matters of State law and procedure rather than matters for this Court.

Order accordingly.