Joseph **BANKS**

v.

The **REDEVELOPMENT AUTHORITY OF the CITY OF PHILADELPHIA et al.**

Civ. A. No. 75–2032.

United States District Court, E. D. Pennsylvania.

July 14, 1976.

Philip H. Rush, Community Legal Services, Inc., Philadelphia, Pa., for plaintiff.

Spencer M. Wertheimer, of Wertheimer & Kane, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

CAHN, District Judge.

Plaintiff, Joseph Banks, was a permanent employee of defendant Redevelopment Authority of the City of Philadelphia ("RDA"),[1] with duties including checking appraisals of property condemned by the RDA. He brought this action under 42 U.S.C. § 1983 for deprivation of his fourteenth amendment rights to procedural due process and to equal protection. He added a pendent state claim for breach of his employment contract.

The grounds for this action are that plaintiff was fired without a hearing and, he alleges, without cause. He was told his discharge was for incompetence. The RDA's Personnel Manual, § 23, states: "An employee in the Authority may be separated from the service under the following circumstances: . . . (d) By discharge from the service for cause." Plaintiff claims he had a contractual right not to be discharged except for cause and a property interest in his employment which gave rise to a due process right to a hearing. These claims can now be determined on defendants' motion for summary judgment and plaintiff's motion for partial summary judgment, by deciding the effectiveness under state law of the RDA's personnel policies.

█ *Bishop v. Wood,* —— U.S. ——, 96 S.Ct. 2074, 48 L.Ed.2d 684, 44 U.S.L.W. 4820 (1976) held that the existence of a property interest in public employment must be decided according to state law. "A property interest in employment can, of course, be created by ordinance, or by an implied contract. In either case, however, the sufficiency of the claim of entitlement must be decided by reference to state law." At ——, 96 S.Ct. at 2077, 44 U.S.L.W. at 4821. The policeman in *Bishop v. Wood* was a permanent employee and the ordinance governing his discharge had language similar to the RDA regulations' "for cause". Yet, the Court upheld an interpretation of the ordinance, under state law, as granting no property interest. Therefore, it is no longer arguable that "for cause" language grants a property interest as a matter of federal constitutional law.

█ If plaintiff had no property interest, he had no right to a hearing or any protection under the fourteenth amendment due process clause. Pennsylvania law does not allow a state agency to create tenure unless the legislature specifically grants the agency the power to do so. *Mahoney v. Philadelphia Housing Authority,* 13 Pa.Cmwlth. 243, 320 A.2d 459 (1974), *cert. denied* 419 U.S. 1122, 95 S.Ct. 806, 42 L.Ed.2d 822

---

1. The individual defendants are officers of the RDA.

(1975). In interpreting the enabling statute of the Philadelphia Housing Authority, 35 P.S. § 1541, *et seq.*, the Commonwealth Court held that a housing authority has no power "to create tenure by contract, expressed or implied". It held that housing authority employees were employees at will, even though the personnel policy provided for dismissal for cause.

Plaintiff argues that the Urban Redevelopment Law, 35 P.S. § 1701, *et seq.*, the enabling legislation of defendant RDA, differs significantly from the statute interpreted in *Mahoney, supra,* and that the Commonwealth Court did not consider the argument of estoppel against the agency to deny the effectiveness of its personnel policies.

■ Close comparison of the statutes leads this court to conclude that they do not differ significantly. In spite of very slight differences in the statutes, this court decides that the Pennsylvania courts would hold that RDA employees also are employees at will. Therefore, plaintiff may not sue for breach of his employment contract or for denial of due process.[2] The equal protection claim, that the personnel policies of RDA were not equally applied, also fails. The RDA had no power to create rules which would prevent dismissal at will.

■ Plaintiff argues that even if the RDA has no power to grant tenure, it is estopped to deny the validity of its regulations for the sole purpose of litigation. This court will not enlarge by estoppel a legislative grant which is strictly limited under state law. The case on which plaintiff principally relies, *Ervin v. City of Pittsburgh,* 339 Pa. 241, 14 A.2d 297 (1940), does not require such a result or even suggest it. *Ervin* held that the City of Pittsburgh was estopped to deny that its City Solicitor was authorized by City Council to enter consent verdicts against the city as its agent, because City Council had previously always ratified such verdicts and had not required

---

separate authorization for each. However, the court stated that a municipal corporation ". . . cannot be bound for an act of its agent in excess of its corporate powers, or in violation of positive law, or for an act requiring legislative or executive action." 339 Pa. at 250–251, 14 A.2d at 301. Granting a right to continuing employment is an act in excess of the powers of the RDA, and, therefore, it cannot be estopped to deny its regulations create such a right.

Though it may seem harsh for a state agency to fire a permanent employee without cause or hearing, neither the federal constitution, nor, in this case, state law, provides a remedy. "The federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies." *Bishop v. Wood, supra,* —— U.S. at ——, 96 S.Ct. at 2080, 44 U.S.L.W. at 4822–4823. The decision that the RDA may grant tenure may be made by the state legislature, not by this court. Summary judgment will be entered for defendants.

---

**2.** For the purpose of the motions before it, the court resolves all disputes of fact in favor of plaintiff. Fed.R.Civ.P. 56(c); *Bishop v. Wood, supra,* footnote 11 at —— U.S. ——, 96 S.Ct. 2079, 44 U.S.L.W. 4822. That includes plaintiff's allegation that RDA did not have cause to discharge him.