Gloria Dennis COX, Appellee,

v.

NORTHERN VIRGINIA TRANSPORTATION COMMISSION, Appellant,

and

Joseph Alexander et al., Defendants.

Gloria Dennis COX, Appellant,

v.

NORTHERN VIRGINIA TRANSPORTATION COMMISSION et al., Appellees.

Nos. 75–2035, 75–2036.

United States Court of Appeals, Fourth Circuit.

Argued June 8, 1976.

Decided Nov. 4, 1976.

---

**3.** We do not read *Estelle v. Williams,* 425 U.S. 501, 508 n.3, 96 S.Ct. 1691, 1695, 48 L.Ed.2d 126 (1976) to indicate that there is any necessary congruence between rights which are sub-stantial for purposes of the plain error doctrine and those which are fundamental for waiver purposes.

Lawrence J. Latto, Washington, D. C. (Stanley I. Langbein, Shea & Gardner, Washington, D. C., on brief), for appellant in No. 75–2035 and for appellees in No. 75–2036.

Gilbert K. Davis, Vienna, Va. (Duvall, Tate, Bywater & Davis, Vienna, Va., on brief), for appellee in No. 75–2035 and for appellant in No. 75–2036.

Before HAYNSWORTH, Chief Judge, BUTZNER, Circuit Judge, and KUNZIG,

Judge, United States Court of Claims, sitting by designation.

BUTZNER, Circuit Judge:

The Northern Virginia Transportation Commission appeals from a judgment awarding damages to a former employee, Gloria Dennis Cox, who had been discharged without a hearing. Mrs. Cox cross-appeals, alleging that the court erred in denying her motion to amend her complaint so that she could also recover punitive damages and in denying her motion for attorney's fees. We affirm that part of the judgment which imposes liability on the commission, but vacate and remand the case for redetermination of the award. We also affirm the rulings that Mrs. Cox contests in her cross-appeal.

I

The commission is a public agency that coordinates regional transportation efforts of five Northern Virginia counties and cities. It employed Mrs. Cox in August, 1973, as deputy director of administration at a salary of about $17,000 which was raised to approximately $19,000 just before she was fired.

Early in January, 1974, newspaper reporters learned about serious financial irregularities at the commission, involving commissioners' expense accounts. Mrs. Cox was not responsible for these questionable practices. Nevertheless, on January 18, 1974, she was discharged effective February 15. She was not asked to attend the meeting of the executive committee at which this action was taken, and her letter of notification assigned no reason for her discharge. But some commissioners publicly linked Mrs. Cox's firing directly with the investigation of financial wrongdoing. News articles, based on information given to reporters by these commissioners, stated in part:

> "Partially as a result of the audit, NVTC Commissioner Alan H. Magazine, of Fairfax County, ordered an internal investigation which led to the firing of $19,000-a-year NVTC Director of Administration Services, Gloria Dennis Cox."

> \*   \*   \*   \*   \*   \*

> "The deputy administrator, Gloria Cox, who had day-to-day charge of the expense account procedures, was fired last week at the conclusion of the investigation, according to Munsey [the commission chairman]."

> \*   \*   \*   \*   \*   \*

> "This and other expense account problems have resulted in a month long internal investigation of the commission's accounting procedures and the firing of the agency's deputy administrator, Gloria Cox."

Early in February, after the publication of the news articles but before the effective date of her dismissal, Mrs. Cox requested an opportunity to hear any charges against her and to answer them. The commission denied her request. Subsequently, she found that the adverse publicity impaired her ability to obtain employment.

Mrs. Cox then instituted this action against the commission and its officers, individually, seeking back pay and fringe benefits, compensatory and punitive damages for injury to her reputation, and reinstatement, or, as an alternative, a hearing. Resting her claim on both the due process clause of the fourteenth amendment and 42 U.S.C. § 1983, Mrs. Cox alleged diversity of citizenship and damages in excess of $10,-000. She claimed jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1343(4). Before trial, she voluntarily non-suited the individual defendants in exchange for a stipulation that a judgment could be entered against the commission under applicable Virginia law. The district court, therefore, had adequate bases for jurisdiction, which the commission does not question.

II

The parties agreed to submit the issue of liability to the court, reserving only the amount of damages for the jury. The court held that the commission deprived Mrs. Cox of liberty without due process of law by

denying her a hearing.[1] We believe that this ruling complies with recent Supreme Court decisions and that it is warranted by the evidence.

■ The fourteenth amendment's guarantee of liberty "to engage in any of the common occupations of life"[2] is offended when the state denies a hearing to a discharged employee whom it has accused publicly of dishonesty or immorality. Procedural due process requires that a person dismissed under such a cloud be given notice and an opportunity to clear his or her name.[3] These principles support Mrs. Cox's claim. She was fired and her request for a hearing was denied. Commissioners who granted interviews to newspaper reporters publicly attributed her discharge to the results of an investigation of a financial scandal at the commission. As a consequence, her ability to obtain other employment was impaired.

The commission defends on the ground that there is no proof that its officers expressly told reporters that Mrs. Cox was dishonest or immoral. It says that, instead, the reporters were told that she was incompetent and failed to establish good relations with the staff.

These comments, however, did not dispel the effect of the commissioners' published statements linking Mrs. Cox's discharge to the investigation of financial irregularities. Nor did the absence of formal charges of wrongdoing lessen the injury to her reputation that was caused by the interviews the commissioners granted the press. The opportunity of a discharged public employee to get a new job may be hampered as badly by official leaks to the press insinuating dishonesty as by a published official reprimand. In either event, therefore, the employee is entitled to a hearing.

---

1. The district court also held that Mrs. Cox did not have a property interest in her job. She has not assigned error to this ruling.

2. *See Meyer v. Nebraska,* 262 U.S. 390, 399, 43 S.Ct. 625, 626, 67 L.Ed. 1042 (1923).

3. *See Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *Arnett v. Kenne-*

## III

The commission also assigns error to the measure of damages adopted by the district court. The court ruled that Mrs. Cox was entitled to damages for both injury to her reputation and her net loss of income. The jury awarded her $30,000.

The district court, however, did not have recourse to *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), which was decided after the trial of this case. There the Court held that defamation by a state official is not a federal constitutional or statutory tort.

■ The federal tort is the breach of the duty that the fourteenth amendment imposes on states and their officials not to deprive a person of liberty without due process of law. Specifically, when a government employee is dismissed without a hearing, having been publicly charged with dishonesty or other wrongdoing that will injure his or her liberty to obtain other work, the federal tort is not the defamation. The federal tort is the denial of a hearing at which the dismissed employee has an opportunity to refute the public charge.[4] The remedy, therefore, must be related solely to the employee's loss resulting from discharge without a hearing.

■ We, accordingly, vacate the judgment and remand the case for redetermination of the amount of the award to which Mrs. Cox is entitled. The proper measure is Mrs. Cox's loss of back pay and the value of fringe benefits with interest, after deducting interim earnings from other employment. This amount should be allowed for the period commencing with her discharge, or with the date a hearing reasonably could have been scheduled, whichever is later, and ending with the date of the district court

---

*dy,* 416 U.S. 134, 156–58, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974); *Board of Regents v. Roth,* 408 U.S. 564, 572–75, 92 S.Ct. 2701, 33 L.Ed. 548 (1972).

4. *See Board of Regents v. Roth,* 408 U.S. 564, 573, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

hearing, at which the plaintiff had an ample opportunity to refute the public charge. In this action, Mrs. Cox cannot recover either punitive or compensatory damages for injury to her reputation.[5]

■ Since there is no statutory basis for the allowance of counsel fees, the district court did not err in denying them.[6] The judgment of the court in No. 75–2035 is affirmed in part, vacated in part, and the case is remanded for further proceedings. No. 75–2036 is affirmed. Each party shall bear its own costs.

---

**5.** *See Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976).

**6.** *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).