Mitchell B. CULP

v.

Charles F. DEVLIN, Joseph O'Neill, Frank Rizzo, City of Philadelphia, and John Doe.

Civ. A. No. 77–44.

United States District Court, E. D. Pennsylvania.

May 25, 1977.

Wilbur Greenberg, Sidcoff, Pincus & Greenberg, Philadelphia, Pa., for plaintiff.

Thaddeus Bartkowski, Asst. City Sol., Philadelphia, Pa., for defendants.

MEMORANDUM AND ORDER

NEWCOMER, District Judge.

This is a Civil Rights suit against Philadelphia police officers, the City of Philadelphia, the mayor and the police commissioner. The complaint alleges that the plaintiff was a passenger in an automobile when defendant police officer Devlin approached the car and demanded identification from the plaintiff. While plaintiff was providing identification, an unarmed starter pistol became visible in plaintiff's jacket pocket, at which point plaintiff was arrested. The

plaintiff alleges that he then was thrown roughly into a patrol wagon and beaten with a blackjack. Plaintiff was taken to a police station and eventually to Hahnemann Hospital for treatment of head injuries and multiple fractures of his right leg. All charges filed against the plaintiff were dismissed.

Defendants Joseph O'Neill, Frank Rizzo and the City of Philadelphia have filed a Motion to Dismiss based on lack of jurisdiction and failure to state a claim on which relief can be granted. The plaintiff has filed a Motion for Leave to Amend the Complaint in order to allege a cause of action based on *respondeat superior* against defendants Joseph O'Neill, Frank Rizzo and the City of Philadelphia. These motions involve issues which commonly arise in this type of Civil Rights case. Unfortunately, these issues are not easy to resolve, as is demonstrated by the split of authority within this District. In this case, I have determined that both motions must be granted in part and denied in part.

■ The defendants first contend that there is no federal jurisdiction over claims against the City of Philadelphia. Clearly, the City cannot be made a party pursuant to 42 U.S.C. § 1983, since the City is not a "person" within the meaning of that statute. However, this Court previously has ruled that jurisdiction over a municipality can be obtained under 28 U.S.C. § 1331(a), for claims based directly on the Constitution, where the amount in controversy requirement is satisfied. See *Santore v. City of Philadelphia*, C.A. No. 76–904 (E.D.Pa. September 28, 1976). Although several other courts in this District have refused to recognize such jurisdiction,[1] I see no reason to depart from my approach in *Santore*.[2] In fact, since this issue presently is on appeal to the Third Circuit Court of Appeals, it seems sensible to retain the City as a party, with the understanding that it can be removed as a party if the Court of Appeals rules that jurisdiction over the City cannot be based on § 1331. See *Lopez v. White*, C.A. No. 75–3681 (E.D.Pa. April 11, 1977) (Higginbotham, J.); *Stretz v. Bristol Township*, C.A. No. 76–3414 (E.D.Pa. January 10, 1977) (Fullam, J.). Consequently, defendants' motion to dismiss the constitutional claims against the City of Philadelphia for lack of jurisdiction will be denied.

■ The defendants also have argued that the plaintiff's complaint fails to state a claim on which relief can be granted. As to the specific conduct of the police officers which resulted in the plaintiff's injuries, I have no difficulty in holding that the allegations are sufficient to make out a claim under both 42 U.S.C. § 1983 and the Fourteenth Amendment. However, the plaintiff also has made claims against Mayor Frank Rizzo, Police Commissioner Joseph O'Neill and the City of Philadelphia based on negligent training and supervision. Some courts have held that negligence is not sufficient to support an action for deprivation of constitutional rights. See *Jones v. McElroy*, 429 F.Supp. 848 (1977) (Slip op. at 21–25) (Luongo, J.) I am more inclined to follow those courts that have permitted civil rights claims based on negligence. See *Navarette v. Enomoto*, 536 F.2d 277 (9th Cir. 1976), *cert. granted*, 429 U.S. 1060, 97 S.Ct. 783, 50 L.Ed.2d 776 (1977).[3] While every negligent

---

1. *See, e. g., Jones v. McElroy*, 429 F.Supp. 848 (E.D.Pa. 1977) (Luongo, J.); *Crosley v. Davis*, 426 F.Supp. 389 (E.D.Pa.1977) (Becker, J.); *Pitrone v. Mercadante*, 420 F.Supp. 1384 (E.D.Pa. 1976) (Ditter, J.), *appeal pending*, No. 76–2593 (3d Cir.).

2. *See also Drennon v. Philadelphia General Hospital*, 428 F.Supp. 809 (E.D.Pa.1977) (Higginbotham, J.); *Harris v. City of Philadelphia*, C.A. No. 75–3662 (E.D.Pa. September 7, 1976) (Cahn, J.).

3. Recent opinions by the United States Supreme Court and the Third Circuit Court of Appeals requiring deliberate indifference to serious medical needs rather than mere negligence in order to establish a violation of the constitutional prohibition against cruel and unusual punishment are not controlling. *See Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, (3d Cir. 1976). These cases should be limited to the context of failures to provide medical care to prisoners, since the decisions were based on the particular requirement for violations of the Eighth

act committed under color of law will not give rise to a civil rights claim, a negligent act which amounts to the deprivation of a right, privilege, or immunity secured by the Constitution or laws of the United States is within the terms of § 1983. See *Monroe v. Pape,* 365 U.S. 167, 187, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Thus, in my view, an individual who is unlawfully deprived of his liberty because of a negligent act committed under color of state law can bring a civil rights claim.

Nevertheless, the claims in this case based on negligent training and supervision must be dismissed. The Third Circuit has held repeatedly that the facts supporting an allegation of constitutional deprivation must be pleaded with specificity. See, e. g., *Curtis v. Everette,* 489 F.2d 516 (3d Cir. 1973), *cert. denied,* 416 U.S. 995, 94 S.Ct. 2409, 40 L.Ed.2d 774 (1974); *Esser v. Weller,* 467 F.2d 949 (3d Cir. 1972); *Negrich v. Hohn,* 379 F.2d 213 (3d Cir. 1967). See also *Jones v. McElroy, supra,* 429 F.Supp. at 25–26. The only allegations pertaining to negligent training and supervision are in paragraphs 21 and 22 of the Complaint:

"Defendants, O'Neill, Rizzo and City of Philadelphia, by their negligence in failing to adequately train and supervise the individual Police Officers, Defendants herein, directly and/or indirectly caused the injuries and harm suffered by the Plaintiff."

"Defendant O'Neill, by his failure to maintain adequate constitutional procedures and conditions at the Police Administration Building, directly, and/or indirectly, contributed to the Plaintiff's pain and suffering and violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution."

These allegations are insufficient to satisfy the requirement of specific pleading, since there are no facts stated to support the conclusory allegations of negligence. With respect to Mayor Rizzo and Police Commissioner O'Neill, the complaint is further deficient in that there are no allegations that Rizzo or O'Neill personally participated or acquiesced in the unlawful activity, or that they knew or had reason to know that the particular police officers involved in the incident would violate the law. See *Hampton v. Holmesburg Prison Officials,* 546 F.2d 1077, 1082 (3d Cir. 1976); *Bracey v. Grenoble,* 494 F.2d 566 (3d Cir. 1974); *Curtis v. Everette,* 489 F.2d 516, 520–21 (3d Cir. 1973), *cert. denied,* 416 U.S. 995, 94 S.Ct. 2409, 40 L.Ed.2d 774 (1974); *Ford v. Breier,* 71 F.R.D. 195 (E.D.Wisc.1976); *Marvasi v. Shorty,* 70 F.R.D. 14, 20–21 (E.D.Pa.1976) (Broderick, J.). Consequently, claims based on negligent training and supervision will be dismissed.

As I mentioned previously, the plaintiff has sought leave to file an amended complaint asserting claims against Rizzo, O'Neill and the City of Philadelphia based on *respondeat superior. Respondeat superior* clearly cannot be applied to Rizzo and O'Neill, since they are not the employers of the police officers involved in the incident. See *Goode v. Rizzo,* 506 F.2d 542, 550 (3d Cir. 1974), *rev'd on other grounds,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Jennings v. Davis,* 476 F.2d 1271 (8th Cir. 1973); *Milburn v. Girard,* 429 F.Supp. 865 (E.D.Pa.1977) (Slip. op. at 4) (Luongo, J.).

The application of the doctrine of *respondeat superior* to the City of Philadelphia is not nearly as easy. Under § 1983, most courts have refused to impose vicarious liability, although a few have done so. See cases cited in *Jones v. McElroy,* 429 F.Supp. 848 (E.D.Pa.1977) (Slip op. at 26–27 nn. 35 & 36) (Luongo, J.). Although the majority viewpoint on the issue is supported by an impressive number of cases, the reasoning behind the majority position is suspect. Many of the cases refusing to apply vicarious liability did not involve employers who could be subject to such liability, since municipalities (the usual employers in civil rights cases) could not be sued under § 1983. In such cases, rejection of *respondeat superior* was proper for the same reasons it was proper herein as to defendants

Amendment that there be unnecessary and wanton infliction of pain, which is "repugnant to the conscience of mankind." *Estelle v. Gamble, supra.*

Rizzo and O'Neill—the defendants were not employers. However, these cases eventually were cited for the general proposition that *respondeat superior* did not apply in actions brought under § 1983. For example, the Third Circuit Court of Appeals recently so held, in *Hampton v. Holmesburg Prison Officials, supra, citing Goode v. Rizzo, supra,* and *Bracey v. Grenoble, supra.* Neither of the cited cases involved an employer, and in *Goode v. Rizzo,* the Court explicitly based its holding on the ground that the defendant officials were not employers. See 506 F.2d at 550. Similarly, in *Hampton* itself rejection of *respondeat superior* claims was necessary because the defendants were prison officials who were not employers. In view of the facts of the *Hampton* case and the cases relied upon by the Third Circuit, the Court's statement that *respondeat superior* does not apply in § 1983 actions should be limited to situations where the defendant is not an employer.[4] If the employer is a proper party, then the ordinary common law principles of vicarious liability should be applied. See *Hill v. Toll,* 320 F.Supp. 185 (E.D.Pa.1970). Such liability provides a "deep pocket" from which a plaintiff can collect a judgment, and it imposes liability on the entity which hired the police officer and gave him the opportunity to commit a constitutional violation. I therefore hold that the plaintiff can make a claim against the City of Philadelphia based on respondeat superior.

█ Finally, the defendants have requested that this Court decline to exercise pendent jurisdiction over any state claims against the City of Philadelphia. In *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 511 (1976), the United States Supreme Court held that exercise of pendent party jurisdiction over a municipality was improper in a civil rights action brought under § 1343(3) and § 1983. *Aldinger* is not controlling in this case, how-

ever, because the City of Philadelphia already is a party to the case by virtue of the Fourteenth Amendment claims and § 1331. Consequently, in the interest of resolving all parts of a controversy at one time, I will exercise pendent jurisdiction over the plaintiff's state claims based on assault and battery, false imprisonment, malicious prosecution, and respondeat superior. These claims "derive from a common nucleus of operative fact," *United Mineworkers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966), and since they are practically identical to the federal civil rights claims, they should be heard at the same time.

---

4. The Third Circuit's holding does not require a different result in this case in any event, since the plaintiff's claims against the City of Philadelphia are not based on § 1983, but directly on the Fourteenth Amendment. As I have noted, the *respondeat superior* decisions under § 1983 often are complicated by the particular language of that section, especially the provision excluding municipalities. Consequently, it is possible that the Court of Appeals could reach a different result in actions based on the Fourteenth Amendment.