Lloyd Kenneth COVERT, Jr., Plaintiff,

v.

REDEVELOPMENT AUTHORITY OF the COUNTY OF HUNTINGDON et al., Defendants.

Civ. No. 77–864.

United States District Court, M. D. Pennsylvania.

March 3, 1978.

Virginia B. Eisenstein, State College, Pa., for plaintiff.

F. Murray Bryan, Harvey Freedenberg, McNees, Wallace & Nurick, Harrisburg, Pa., A. Lynn Corcelius, Henry, Corcelius, Gates & Gill, Huntingdon, Pa., Frank A. Conte, Washington, Pa., for defendants.

## OPINION

MUIR, District Judge.

Lloyd Kenneth Covert, Jr. brought this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331 seeking declaratory relief, reinstatement to his job, compensatory and punitive damages, and attorney's fees and costs based upon the Defendants' alleged violation of his constitutional rights under the due process clause of the Fourteenth Amendment of the United States Constitution. In addition, Covert contends that the Defendants have violated the laws of the Commonwealth of Pennsylvania and requests damages because of such conduct. On November 9, 1977, Defendants submitted to the Court a motion to dismiss Covert's complaint for failure to state a claim upon which relief could be granted. On November 23, 1977, the Defendants filed a brief in support of that motion. On December 7, 1977, Covert submitted a brief in opposition to that motion. On that same date, Covert filed an amended complaint pursuant to F.R.Civ.P. 15(a). The filing of the amended complaint mooted the Defendants' motion to dismiss. The amended complaint sets forth the same causes of action as the original. On December 15, 1977, the Defendants filed a motion to dismiss the

amended complaint for failure to state a claim upon which relief could be granted pursuant to F.R.Civ.P. 12(b)(6). On December 30, 1977, the Defendants submitted a brief in support of their motion. On January 16, 1978, Covert filed a responsive brief in opposition to Defendants' motion to dismiss. The last date for the filing of a reply brief by the Defendants was January 23, 1978.

For the purposes of a motion to dismiss the Court must accept as true all well pleaded allegations contained in the complaint and must construe them in the light most favorable to Covert. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Helstoski v. Goldstein*, 552 F.2d 564 (3d Cir. 1977). Covert sets forth the following events in his amended complaint as the basis of his legal claims. The Redevelopment Authority of the County of Huntingdon (Redevelopment Authority) hired Covert as a permanent employee to work on the disaster urban renewal projects of Mt. Union, Smithfield, and Huntingdon. According to the amended complaint the employment was for the duration of the projects which was expected to be at least until October, 1978. Covert received several promotions from the date of his hiring on June 3, 1974 until he was finally designated chief of the bureau of services on July 1, 1976, at which position he served until he was terminated. On July 17, 1976, Covert allegedly believed that a certain house was subject to a demolition contract and was concerned about the safety of the items remaining in the house. On July 17, 1976 Covert allowed the removal by a third party of certain objects from the house for safekeeping. On July 19, 1976 Covert submitted a list of these items to Elwood Sager, an officer of the Redevelopment Authority. Unknown to Covert, the property which he had permitted to be removed was owned by the Redevelopment Authority. Sager on July 19, 1976 filed a complaint on behalf of the Redevelopment Authority with the Mt. Union Police Department against Covert charging him with theft by unlawful taking or disposition of property in the amount of $140.00. On July 20, 1977,

the Redevelopment Authority voted to suspend Covert's employment with the Redevelopment Authority pending the completion of any and all investigations relative to the breaking into of the house. On July 22, 1976, Covert voluntarily returned the items to the Mt. Union Police Department. On that same date, Covert was arrested. On July 23, 1976, Richard C. Galway, at that time the executive director of the Redevelopment Authority, acting at the direction of the Redevelopment Authority, suspended Covert from the staff of the Authority pending completion of the investigations concerning Covert's conduct. Covert received notification of the suspension by letter on July 23, 1976. On September 13, 1976, Covert met with the solicitor and the members of the Redevelopment Authority. On September 21, 1976, the Redevelopment Authority voted unanimously to dismiss Covert who received notice of the action by letter dated September 22, 1976. According to his amended complaint at no time prior to his dismissal was he given any reasons for it, nor was he given any notice that his dismissal was being considered, nor was he given any notice that any particular grounds were being considered, nor was he given an opportunity for a hearing at which he could present evidence on his behalf or refute any charges which were being considered as the basis for his dismissal. On October 20, 1976, Covert was acquitted of the criminal charges which had been brought against him.

█ First, the Defendants contend that the amended complaint fails to state a claim upon which relief can be granted because Covert had no property interest in his continued employment under state law and thus was not protected by the due process clause of the Fourteenth Amendment. Plaintiff maintains that determining whether he had a property interest in his employment pursuant to state law does not constitute the controlling test and relies on the statement in *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) that the Fourteenth Amendment does not create property interests but that

they stem from independent sources such as state law. According to Covert this shows that state law is just one means of establishing a property interest. The Court rejects this view in the context of public employment. In *Bishop v. Wood*, 426 U.S. 341, 344, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976), the United States Supreme Court stated that a property interest in public employment for the purposes of due process could be created by ordinance or by implied contract but in either case the sufficiency of the claim of entitlement must be decided by reference to state law. In *Rosenthal v. Rizzo*, 555 F.2d 390, 392 (3d Cir. 1977), the United States Court of Appeals for the Third Circuit held that a public employee's claim of a property interest in a job must be decided by reference to state law. The cases that Plaintiff cites in support of his proposition that a property interest for due process purposes can be created without reference to pertinent state law cannot be followed by this Court because they conflict with the ruling of the United States Court of Appeals for the Third Circuit in *Rosenthal v. Rizzo*, 555 F.2d 390, 392 (3d Cir. 1977) and with the holding of the United States Supreme Court in *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). But see *Stapp v. Avoyelles Parish School Board*, 545 F.2d 527 (5th Cir.1977); *Gosney v. Sonora Independent School District*, 430 F.Supp. 53 (N.D.Tex.1977).

This Court must determine whether Covert had a property interest in his continued employment with the Redevelopment Authority pursuant to the law of the Commonwealth of Pennsylvania. In *Scott v. Philadelphia Parking Authority*, 402 Pa. 151, 166 A.2d 278 (1960), the Supreme Court of Pennsylvania held that a public agency in the absence of a specific grant from the legislature lacked the ability to enter into a binding employment contract with an employee. The Court stated that an appointed public employee in the absence of an express legislative grant takes his job subject to the possibility of subsequent removal by the employing authority and is essentially an employee at will. *Id.* at 154, 166 A.2d 278. See *Mitchell v. Chester Housing Au-*

*thority*, 389 Pa. 314, 132 A.2d 873 (1957); Accord *Mahoney v. Philadelphia Housing Authority*, 13 Pa.Cmwlth. 243, 320 A.2d 459 (1974), cert. denied, 419 U.S. 1122, 95 S.Ct. 806, 42 L.Ed.2d 822 (1975). The United States Court of Appeals for the Third Circuit concluded in *Rosenthal v. Rizzo*, 555 F.2d 390, 392 (3d Cir. 1977), that under Pennsylvania law public employees have no contractual right to dismissals only for cause unless the legislature has expressly provided tenure for a given class of employees. The statute allowing for the establishment of the Redevelopment Authority of Huntingdon County, Act of May 24, 1945, P.L. 991 § 1, 35 P.S. §§ 1701 et seq. does not provide for any entitlement to dismissal only for cause. Any expectations created by the Redevelopment Authority or its officers that employment with the Huntingdon Redevelopment Authority could be terminated only for cause and after a hearing are contrary to state law and cannot form a property interest pursuant to the due process clause of the Fourteenth Amendment of the United States Constitution. Covert's contention that the statute establishing redevelopment authorities differs significantly from the statute creating the parking authorities interpreted by the Pennsylvania Supreme Court in *Scott v. Philadelphia Parking Authority*, 402 Pa. 151, 166 A.2d 278 (1960) lacks merit. Any divergence between the two statutes concerning the powers of the respective authorities is not substantial and has no bearing on the power of an authority to create an expectation of continued employment in the absence of an express legislative grant.

Covert challenges the continued validity of the Pennsylvania Supreme Court's decision in *Scott v. Philadelphia Parking Authority*, 402 Pa. 151, 166 A.2d 278 (1960). The United States Court of Appeals for the Third Circuit in *Rosenthal v. Rizzo*, 555 F.2d 390, 392 (3d Cir.1977) has accepted as the law of Pennsylvania that public employees have no entitlement to dismissals only for cause unless the legislature has expressly provided tenure for a given class of employees. This Court is bound to follow that

decision. That case involved the termination of an employee of the Redevelopment Authority of Philadelphia. Even if there were no controlling case law from the United States Court of Appeals for this Circuit concerning this issue, the Court would still follow the Pennsylvania Supreme Court's decision in *Scott v. Philadelphia Parking Authority*, 402 Pa. 151, 166 A.2d 278 (1960). Covert's challenges to *Scott* are unpersuasive. The Court will deal with them *seriatim*.

First, Covert contends that the United States Supreme Court's decision in *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547, (1976) that public employees cannot be terminated because of their political affiliation unless they occupy policymaking positions undermines the rationale of the Pennsylvania State Supreme Court in *Scott*. *Scott* did not deal with a situation where an employee was terminated because of his political party. Even if it did, the Pennsylvania Supreme Court in *Scott* set forth a broad rule that public employees should be able to be terminated at will because of the need to promote efficient public administration. Nothing in *Elrod v. Burns*, supra, prevents the Pennsylvania Supreme Court from adopting such an approach. That case only applies to termination based on an employee's political affiliation because such action would violate the employee's First Amendment rights. Covert did not contend in his complaint or in his brief that he was fired from his position because of his political activities. Covert presents no First Amendment claims in his complaint. His argument that *Elrod v. Burns* has applicability beyond the First Amendment context lacks any basis. The cases he cites in support of that proposition do not even discuss it. In *Brown v. United States Civil Service Commission*, 553 F.2d 531 (7th Cir.1977), the Court dealt with the applicability of the Hatch Act, 5 U.S.C. § 502(a)(3). No mention is made of whether *Elrod v. Burns* pertains to the situation where a public employee is terminated other than for his political affiliation or exercise of First Amendment rights. Even if *Elrod v. Burns* is read to hold that all hirings and firings of public employees based on patronage violate the First Amendment, it does not affect this case. Covert makes no contention that he was terminated because of political patronage. In *Division 241 Amalgamated Transit Union (AFL-CIO) v. Suscy*, 538 F.2d 1264 (7th Cir.1976), the Court refers in passing to *Elrod v. Burns*. The discussion of that case in its entirety is as follows: "Where the employee argues he is being deprived of a right specifically protected by the Constitution . . . limitations the First Amendment right of a public employee must be justified by a compelling state interest." *Id.* at 1266. This statement in no way substantiates Covert's contention. In *Davids v. Akers*, 549 F.2d 120 (9th Cir.1977) the Court was presented with a First Amendment claim. Covert presents no First Amendment argument.

Second, Covert maintains that *Scott* should be applied only to policymaking positions because Scott himself held such a post. There is no indication in the *Scott* opinion that such a limited view was intended by the Court. The federal district courts in this Circuit have applied *Scott* to non-policymaking employees. *Banks v. Redevelopment Authority of City of Philadelphia*, 416 F.Supp. 72 (E.D.Pa.1976); *Patterson v. City of Chester*, 389 F.Supp. 1093 (E.D.Pa.1975); *Farr v. Chesney*, 437 F.Supp. 521 (M.D.Pa. 1977).

Third, Covert contends that the Public Employee Relations Act, Act of July 23, 1970, P.L. 563, No. 195 art. II, § 201, 43 P.S. §§ 1101.201 et seq., undermines the holding in *Scott v. Philadelphia Parking Authority* because it provides for the right of all public employees to bargain collectively and enter into employment contracts. The Court finds this argument unpersuasive. Covert is not a member of any group which had bargained collectively with the Redevelopment Authority and as a result had entered into an employment contract. This Act only applies to collective bargaining. There is no indication that the legislature intended to change the previous law of Pennsylvania as it applies to public employ-

ees who are not included within collective bargaining agreements.

■ Fourth, Covert contends that the Redevelopment Authority should be estopped from denying the applicability of the validity of their own regulations which state the following causes for dismissal: gross misconduct, incompetence, physical disability, non-observance of regulations, or any actions which would place the Authority in a disreputable light. The regulations also require that a permanent employee who is being dismissed shall be notified 14 days in advance of his termination, that justification for the action shall be supported by a written report, and that the employee shall have the right to have his case reviewed. In *Ervin v. City of Pittsburgh*, 339 Pa. 241, 14 A.2d 297 (1940), the Pennsylvania Supreme Court stated that a municipal corporation could not be bound for an act of its agents in excess of its corporate powers in violation of state law. Granting a right to continuing employment is an act in excess of the powers of the Redevelopment Authority. Although the Redevelopment Authority is only one of several Defendants in this case, the Court believes that to prevent the other Defendants from challenging the validity of the Redevelopment Authority's regulations would have the effect of holding a municipal corporation responsible for the unlawful acts of its agents. If the agents or employees of the Redevelopment Authority have acted in violation of the Constitution, the Redevelopment Authority will bear the burden of any equitable relief ordered by the Court. Covert has cited no Pennsylvania case and this Court has not been able to find any Pennsylvania case where estoppel has been applied to a municipal corporation. See *Banks v. Redevelopment Authority of City of Philadelphia*, 416 F.Supp. 72, 74 (E.D.Pa.1976).

■ Fifth, Covert also maintains that he has a property interest in the pre-termination procedures established by the Redevelopment Authority and cites *Skehan v. Board of Trustees of Bloomsburg State College*, 431 F.Supp. 1379 (M.D.Pa.1977) to support this proposition. In *Skehan* this Court found that pursuant to Pennsylvania law Skehan had a property interest in certain procedures. The Defendants in that case did not raise the applicability of *Scott v. Philadelphia Parking Authority*, 402 Pa. 151, 166 A.2d 278 (1960). Because of *Scott*, the Court concludes that Covert has no property interest pursuant to Pennsylvania law in any procedures created by the Redevelopment Authority.

■ Sixth, Covert contends that he had a due process right pursuant to the Fourteenth Amendment of the United States Constitution to the procedures established by the Redevelopment Authority for the termination of employees, even if he had no property interest in such procedures pursuant to state law. Covert cites *Sherman v. Yakahi*, 549 F.2d 1287, 1292 (9th Cir.1977) for this proposition. In *Sherman*, the Court held that a probationary employee had a right to procedures for the termination of employees where the regulations of the state Civil Service Commission so provided, because where the rights of individuals are at issue it is essential that agencies follow their own procedures. In that case, the applicable regulations were not in contravention of state law. The regulations of the Redevelopment Authority in this case relating to the procedures to be followed before an employee can be terminated violate state law because the Redevelopment Authority had no power to promulgate them. In *Sherman*, the Court essentially found that the Plaintiff had a property interest in state regulations. Such is not the case as regards Covert.

■ Seventh, Covert contends that the Redevelopment Authority employed him as a relocation specialist for work on particular projects and that there was no expectation on his part that he would remain as an employee of the Redevelopment Authority subsequent to the termination and completion of these particular projects. Consequently, Covert maintains that he comes within an exception to the rule that a public agency cannot enter into a binding employment contract or be required to follow cer-

tain procedures before it can fire its employees absent express legislative authorization. In *Scott v. Philadelphia Parking Authority*, 402 Pa. 151, 166 A.2d 278 (1960), the Supreme Court of Pennsylvania specifically stated that that decision did not concern contracts for work on particular and specific projects being carried out by a public body which might necessitate the temporary services of some specialist. See *Beloff v. Margiotti*, 328 Pa. 432, 197 A. 223 (1938). In *Farr v. Chesney*, 437 F.Supp. 521, 529 (M.D.Pa.1977), this Court held that a governmental body could enter into a binding contract with a sex therapist who was working for that body on a part-time basis for a limited period of time on specific projects. In his complaint Covert contends that he was a permanent employee. The Court has some doubt that an individual who was working on a full-time basis for a two-year period for a public authority can be classified as a specialist working on a particular project. But it cannot conclude that Covert will be unable to establish that he fits within this exception. More information concerning the scope and nature of his employment is required. Consequently, Covert has set forth a property interest pursuant to the law of the Commonwealth of Pennsylvania. In the light of the foregoing, the Defendants' motion to dismiss Covert's complaint because he has not set forth a property interest pursuant to state law will be denied.

■ The Defendants also contend that the amended complaint fails to state a claim upon which relief can be granted concerning the deprivation of any liberty interest of the Plaintiff that would require the procedural protections of the due process clause of the Fourteenth Amendment because the amended complaint contains no allegation that the Defendants have created and disseminated a false and defamatory impression about Covert in connection with his termination or even that there was any public disclosure of the reasons for Covert's discharge. In *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976), the Supreme Court held that Bishop's liberty interests were not implicated by his termi-

nation because the reasons for discontinuing him, although potentially damaging to his professional reputation, were never made public. *Bagby v. Beal*, 439 F.Supp. 1257, 1260 (M.D.Pa.1977); *Ross v. Pennsylvania State University et al.*, 445 F.Supp. 147 (M.D.Pa.1978). Covert contends in ¶ 38 of his amended complaint that the Defendant Richard C. Galway, then executive director of the Redevelopment Authority, on July 23, 1976 told the news media that Covert had not been given permission to enter the property from which he allegedly took certain items. This statement, according to the complaint, was published in the Harrisburg Patriot newspaper. Paragraph 39 of Covert's complaint contends that this statement was false and injured the reputation of Covert. Contrary to the contention of the Defendants, Covert does not have to allege his damages in his complaint. As to Galway, Covert has met the standards of *Bishop*. But he does not state in his amended complaint that any of the other Defendants publicized the reasons for his termination or suspension.

According to Covert, the action of the Redevelopment Authority and its members and officers in dismissing him when widespread publicity had been given to his arrest for allegedly taking items from the property belonging to the Redevelopment Authority created the implication that he had been dismissed because he had committed a theft. (Plaintiff's amended complaint ¶ 63). This does not meet the standard set forth in *Bishop*. Covert does not allege that the Defendants, except for Galway, publicized the reasons for his dismissal. The Defendants cannot be liable pursuant to the liberty clause of the Fourteenth Amendment because of the inferences which other people might draw from their actions. Nowhere in the complaint does Covert state that Galway's public statement of the reason for his dismissal was at the direction of the Redevelopment Authority or any of the other Defendants. Covert contends that none of the Defendants did anything to refute the strong implication that Covert had been dismissed because he

had committed a theft. There is no constitutional duty requiring the Defendants to have attempted to prevent the public from drawing certain conclusions as a result of the dismissal. Public officials cannot be held liable because of the view that certain individuals in the community form as a result of certain occurrences. The case of *Cox v. Northern Virginia Transportation Commission*, 551 F.2d 555 (4th Cir.1976) does not support Covert's contention that the Defendants are liable for a violation of his liberty rights pursuant to the Fourteenth Amendment because they allowed the implication to arise that he was dismissed for theft. Cox, an employee of the Northern Virginia Transportation Commission, was dismissed. Some members of the Commission publicly linked her firing directly with an investigation of financial wrongdoing at the Commission. This is not the factual situation which Covert has set forth in his complaint. He has not pled that any members of the Redevelopment Authority publicly stated the reasons for his dismissal.

■ The statement of A. Lynn Corcelius, Solicitor for the Redevelopment Authority, that Covert was dismissed because it was believed that his actions placed the Authority in a disreputable light certainly could have resulted in damaging Covert's reputation. But Corcelius is not a defendant in this case. Covert has not alleged in his complaint that Corcelius spoke at the direction of any of the Defendants. Public officials cannot be held liable pursuant to 42 U.S.C. § 1983 on the basis of respondeat superior. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir.1976); *Culp v. Devlin*, 437 F.Supp. 20 (E.D.Pa. 1977). The same standard should also apply to Covert's action brought pursuant to 28 U.S.C. § 1331, the general federal question statute. In *Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir.1975), the United States Court of Appeals for the Third Circuit stated that the method for determining injuries involved in § 1983 litigation should be applicable to § 1331 actions concerning Constitutional violations. The identical approach should be utilized concerning respondeat superior liability. In addition, because a public official is not an employer he cannot be liable for the actions of a subordinate on the basis of respondeat superior. *Culp v. Devlin*, 437 F.Supp. 20 (E.D.Pa.1977).

In ¶ 51 of his amended complaint, Covert asserts that between the evening of September 21, 1976 and October 8, 1976, one or more of the members of the Redevelopment Authority present at the meeting of that body on September 21, 1976 disclosed Covert's dismissal to third persons. Covert does not contend that whoever disclosed the dismissal set forth the reasons for that action. Consequently, the standard of *Bishop v. Wood* has not been met. For the same reason, Covert's allegation in ¶ 41 of his amended complaint that sometime between the evening of July 20, 1976 and July 23, 1976 one or more of the members of the Redevelopment Authority present at the meeting of July 20, 1976 disclosed Covert's suspension to third persons fails to meet the requirement of *Bishop*.

In the light of the foregoing, the Court will grant the Defendants' motion to dismiss the portion of the Plaintiff's complaint which alleges a violation of the liberty clause of the Fourteenth Amendment except as it relates to Galway.

■ Next, the Defendants contend that the amended complaint fails to state a cause of action pursuant to 42 U.S.C. § 1983 against the Redevelopment Authority because it is not a person within the meaning of the statute. In *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), the United States Supreme Court held that a municipality is not a person for the purposes of 42 U.S.C. § 1983. No reason exists to distinguish between a municipality and a county redevelopment authority. In *Kurz v. State of Michigan*, 548 F.2d 172 (6th Cir. 1977), the United States Court of Appeals for the Sixth Circuit concluded that a county is not a person under 42 U.S.C. § 1983. See *Moore v. County of Alameda*, 411 U.S. 693, 700, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973); Accord *Tilli v. County of Northampton*, 370 F.Supp. 459 (E.D.Pa.1974);

*Schrank v. Bliss*, 412 F.Supp. 28, 39 (M.D. Fla.1976); *Boles v. Fox*, 403 F.Supp. 253 (E.D.Tenn.1975). In *Diamond v. Coleman*, 395 F.Supp. 429 (S.D.Ga.1975), the Court held that a county school board is not a person pursuant to 42 U.S.C. § 1983. In *Dodson v. Franklin County Prison Board*, Civil No. 78–76 (M.D.Pa.1978) Chief Judge Nealon stated that a county prison board is not a person under 42 U.S.C. § 1983. The only federal cases which Covert cites in support of his proposition that a county authority is a person under § 1983, are three cases of the United States Court of Appeals for the Second Circuit, *Escalera v. New York City Housing Authority*, 425 F.Supp. 853 (2d Cir.1970), cert. denied, 400 U.S. 853, 91 S.Ct. 54, 27 L.Ed.2d 91 (1971), *Holmes v. New York City Housing Authority*, 398 F.2d 262 (2d Cir.1968), and *Forman v. Community Services, Inc.*, 500 F.2d 1246 (2d Cir.1974). These cases are based on distinctions under New York law between the liabilities of municipal bodies and state agencies. That analysis is not pertinent because the determination of who is a person pursuant to § 1983 must be made pursuant to federal law. In addition, New York law does not apply to Covert's claim because it arose within the Commonwealth of Pennsylvania. Consequently, the Defendants' motion to dismiss the Plaintiff's complaint to the extent that it sets forth a cause of action pursuant to 42 U.S.C. § 1983 against the Redevelopment Authority of the County of Huntingdon is granted. The Redevelopment Authority is still a defendant in this case pursuant to 28 U.S.C. § 1331. The Defendants' motion does not request that this claim be dismissed. The Court is in no way indicating any opinion as to whether a cause of action pursuant to the Fourteenth Amendment can be stated pursuant to 28 U.S.C. § 1331 against the Redevelopment Authority. See *Mahone v. Waddle*, 564 F.2d 1018, 1023 (3d Cir.1977).

■ Next, the Defendants contend that the amended complaint fails to state a cause of action against the Defendants Boucher, Krut, Donahey, and Shope, because it contains no allegation concerning conduct on their part which violates the rights of Covert. Covert maintains that in his complaint he stated that Boucher refused to act when he knew or should have known that inaction would contribute to the injuries to Covert's good name and reputation and deprive him of his liberty interest without due process of law. Because the Court has dismissed the liberty interest claim against all of the Defendants except Galway and since Covert's only cause of action against Boucher appears to be pursuant to his alleged denial of his liberty interest, the Court will grant the Defendants' motion to dismiss Boucher from this complaint insofar as the complaint seeks damages from him. The complaint sets forth no facts showing that Boucher deprived Covert of property without due process. A defendant's personal involvement must be alleged in order to state a cause of action under § 1983. *Fialkowski v. Shapp*, 405 F.Supp. 946 (E.D.Pa.1975). Covert has failed to plead that Boucher was personally involved in depriving him of property without due process. Boucher will remain a defendant in this case as to any claims for equitable relief. Defendants concede that he may be a necessary party in this action for the purposes of equitable relief. Covert seeks only equitable relief from the Defendants Krut, Donahey, and Shope. The Defendants concede that these three individuals may be necessary parties in this action for the purpose of equitable relief. Consequently, the Court will deny the Defendants' motion to dismiss Krut, Donahey, and Shope from this complaint.

Fifth, Defendants maintain that the Plaintiff is not entitled to damages for injuries to his reputation in the community, for embarrassment, humiliation, and mental and emotional distress. The Court believes that this contention is premature. If Covert fails to prevail concerning liability, the Court will never reach the damage issue. If Covert prevails concerning liability, the Defendants can present this argument during the damage phase of the trial. Consequently, the Court will deny the Defendants' motion to dismiss Covert's claims for damages for injuries to his reputation in

the community, for embarrassment, humiliation, and mental and emotional distress.

In their motion to dismiss, the Defendants also contend that the amended complaint should be dismissed because the Defendants are high public officials and are immune and because the amended complaint fails to allege that the Defendants acted other than in good faith. The Defendants have not supported these points in their brief. Consequently, the Court will deny the motion to dismiss on these grounds. In addition, the Court believes that both of these claims lack any merit because pursuant to 42 U.S.C. § 1983, high public officials do not have absolute immunity and because good faith is a defense which the Defendants must plead and establish by a preponderance of the evidence.

An appropriate order will be entered.