

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-6-2005

# Flowers v. Lebanon Cty Prison

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3039

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Flowers v. Lebanon Cty Prison" (2005). *2005 Decisions*. Paper 898.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/898

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 03-3039
_____

FRANK FLOWERS, JR.,

Appellant

V.

LEBANON COUNTY PRISON; CHAD
EBERSOLE; JOHN RUSSELL;
CHARLES D. JONES

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 02-cv-00136)
District Judge: Honorable James M. Munley
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) and
Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6


Before: SLOVITER, ROTH, AND AMBRO Circuit Judges.

(Filed July 6, 2005)

_____

OPINION
_____

PER CURIAM

Frank Flowers, Jr. appeals from the dismissal of his complaint by the District

Court for the Middle District of Pennsylvania.

In 2002, while an inmate at Lebanon County Prison ("LCP"), Flowers filed a civil rights complaint raising various allegations regarding his treatment by the LCP officials and his public defender. LCP and the public defender filed a motion to dismiss for failure to state a claim. The District Court granted the motion and denied Flowers' motion for reconsideration. Flowers filed a timely notice of appeal. The Court issued an order to show cause why the matter should not be summarily remanded to the District Court for the District Court to grant Flowers leave to amend his complaint.

As it stands, Flowers' complaint clearly fails to state a claim upon which relief can be granted, essentially for the reasons stated by the District Court. See Curtis v. Everette, 489 F.2d 516, 521 (3d Cir. 1973); Patton v. Przybylski, 822 F.2d 697, 700 (7th Cir. 1987); Edwards v. Balisok, 520 U.S. 641, 643 (1997). However, the District Court did not give Flowers an opportunity to amend his complaint, or otherwise determine that any amendment would be inequitable or futile. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002). Without expressing any opinion as to the ultimate merits of any possible amendment, we do not find that an amendment would be inequitable or futile. Accordingly, we will not dismiss this appeal as frivolous under 28 U.S.C. § 1915(e), and we will summarily remand the matter to the District Court with instructions to grant Flowers leave to amend his complaint.