**Robert Harry ESSER, Appellant,**

v.

**Walter WELLER (Guard) State Correctional Institution Huntingdon, Pennsylvania.**

No. 71–1980.

United States Court of Appeals, Third Circuit.

Submitted Sept. 29, 1972.

Decided Oct. 6, 1972.

Robert Harry Esser, pro se.

Curtis M. Pontz, Deputy Atty. Gen., Department of Justice, Harrisburg, Pa., for appellee.

Before STALEY, VAN DUSEN and MAX ROSENN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Plaintiff, an inmate at the Huntingdon Correctional Institution, has appealed from an order of the district court dismissing his civil rights action against Walter Weller, a guard, as frivolous and without merit.

The complaint broadly charges, inter alia, that Weller harassed the plaintiff by threatening him; that he caused mental distress by assigning the plaintiff to a cell below the cell of a boister-

ous prisoner; and that Weller took away plaintiff's notes of testimony.

This court has stressed that complaints in civil rights cases must "contain . . . a short and plain statement of the claim . . . and . . . the relief . . ." sought. F.R.Civ.P. 8(a)(2) and (3); Gaito v. Ellenbogen, 425 F.2d 845 (3d Cir. 1970).

The broad and conclusory statements made in plaintiff's complaint are not supported by specific factual allegations.[1] Therefore, the complaint fails to meet the test set forth in Negrich v. Hohn, 379 F.2d 213 (3d Cir. 1967), that a complaint must specifically state facts in support of its conclusions in order to avoid a motion to dismiss. See Kauffman v. Moss, 420 F.2d 1270 (3d Cir. 1970).

The order of the district court will be affirmed.

---

1. Plaintiff's complaint contains the allegation that "Defendant . . . took away plaintiff's Legal-document (Notes of Testimony), for same was in plaintiff's personal belongings prior to plaintiff sitting on the bench in the Guard-Room." This may have occurred on or about May

2, 1971, when plaintiff was being "committed to the punishment block."