**Warren CURTIS, Appellant,**

v.

**Angus Russell EVERETTE et al.**

**No. 72-1935.**

United States Court of Appeals, Third Circuit.

Submitted Sept. 11, 1973.

Decided Dec. 17, 1973.

---

8. Other contentions raised by the appellant have been considered by the court and rejected.

James G. Gavin, Community Legal Services, Inc., Philadelphia, Pa., for appellant.

Hermann Rosenberger, II, Philadelphia, Pa., for appellee.

Before McLAUGHLIN, VAN DUSEN and ROSENN, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

This appeal challenges an August 8, 1972, district court order dismissing a complaint under the Civil Rights Acts (42 U.S.C. §§ 1981 and 1983, and 28 U.S.C. § 1343(3)), which also asserts pendent jurisdiction of a state law claim against a fellow prisoner (Everette), alleging that while plaintiff was a state prisoner at the Huntingdon Correctional Institute, "[o]n or about March 24, 1970 at approximately 11:45 a. m., Defendant . . . Everette physically attacked without provocation Plaintiff . . . in the kitchen at [such] Institute" (par. 11). Plaintiff was assaulted by Everette allegedly "solely because defendants Hess [dietician and kitchen guard], Smith [head steward and kitchen guard] and Brindle [correctional officer] had stopped him from defending himself and due to his reliance on the fact [that such] Defendants . . . who had custody of [Everette] would perform their duty in disarming and restraining [Everette] and in protecting [plaintiff]."[1] Paragraph 12 of the complaint alleges that plaintiff "suffered great pain and suffering and the permanent loss of sight of his right eye." Paragraph 21-a and d alleges that defendants Smith, Hess and Brindle deprived plaintiff of his civil rights by

"a. Failing to disarm Defendant Angus Russell Everette while in their custody after he had, in their presence, attacked Plaintiff Warren Curtis with a home-made knife.

. . . . .

"d. Failing to restrain . . . Everette after he had once attacked Plaintiff . . . with a home-made knife and allowing

---

1. Paragraph 13 of the complaint.

him to attack Plaintiff a second time causing the loss of sight in his right eye." [2]

Finally, paragraphs 14 and 21-f allege that these three defendants had actual knowledge of the dangerous nature and propensity of Everette.

These allegations were made in a complaint signed by a member of the Bar of the United States District Court for the Eastern District of Pennsylvania, which signature constitutes a certification by such attorney that, to the best of her knowledge, information and belief, there is good ground to support such complaint.[3] Furthermore, such allegations assert intentional conduct within the rule stated by Judge Aldisert in Howell v. Cataldi, 464 F.2d 272, 281 (3d Cir. 1972), as follows:

"All that is required is proof that the conduct was intentional. There is no requirement of proof of a further objective toward which the conduct is directed. 'While a specific intent to deprive a person of his constitutional rights is required under criminal sections . . ., neither specific intent nor purpose to deprive an individual of his civil rights is a prerequisite to civil liability under the civil provisions of the Civil Rights Act. . . .' "

See also Basista v. Weir, 340 F.2d 74, 81 (3d Cir. 1965).

 In view of the requirement that the allegations of the complaint and all reasonable inferences therefrom must be considered as true on a motion to dismiss,[4] we have concluded that, at this stage of the litigation, plaintiff may prove a set of facts constituting a cause of action under 42 U.S.C. § 1983 based on a violation of the due process clause of the Fourteenth Amendment. See Johnson v. Glick, 481 F.2d 1028, 1032–1033 (2d Cir. 1973), and cases there cited; cf. Kish v. County of Milwaukee, 441 F.2d 901, 904 (7th Cir. 1971). The plaintiff's reliance on his alleged constitutional "right to be secure in his person" (see note 2 above) and on the proposition that the "Fourteenth Amendment is the constitutional basis for 42 U.S.C. 1983" (page 17 of his brief) makes applicable the principle of Glick (481 F.2d p. 1032) that a prisoner may not be deprived "of liberty without due process of law." Applying the language of the Supreme Court in Rochin v. California, 342 U.S. 165, 172, 72 S.Ct. 205, 209, 96 L.Ed. 183 (1952), the alleged activities of these three state officials "do more than offend some fastidious squeamishness or private sentimentalism . . . . This is conduct that shocks the conscience." Again, at pages 173–174, 72

---

2. Similarly, paragraph 20 alleges that Hess, Smith and Brindle "under color of state law did intentionally, willfully, and recklessly deprive Plaintiff . . . of the right to be secure in his person, to be free of cruel and unusual punishment and to equal protection of the laws and are jointly and severally liable for their action." See 42 U.S.C. § 1983.

3. F.R.Civ.P. 11 provides, inter alia:
"The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information and belief that there is good ground to support it; and that it is not interposed for delay . . . . For a wilful violation of this rule, an attorney may be subjected to appropriate disciplinary action."

4. See Walker v. Food Machinery, 382 U.S. 172, 174–175, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965), and case there cited in note 4. The brief of appellant (pp. 9 & 10) contends that the allegations and reasonable inferences therefrom support this factual situation:
"These appellees did not restrain Angus Russell Everette, did not disarm him, and intentionally, wilfully, and recklessly released him to resume his attack on appellant, causing the injury to his eye.

". . . not more than minutes before Appellant was stabbed in the eye, Everette had attempted to stab appellant with the very same weapon right before the appellant correctional officers' eyes."

S.Ct. at page 210, Mr. Justice Frankfurter said:

"So here, to sanction the brutal conduct which naturally enough was condemned by the court whose judgment is before us, would be to afford brutality the cloak of law. Nothing would be more calculated to discredit law and thereby to brutalize the temper of a society."

As stated in Conley v. Gibson, 355 U. S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957):

"In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

In view of the above reliance on the due process clause of the Fourteenth Amendment, it is not necessary to discuss the possible application of the equal protection clause of that Amendment or of the language concerning cruel and unusual punishment in the Eighth Amendment. See, for example, Kish v. County of Milwaukee, *supra*.

Under these circumstances, the dismissal of the complaint as to the above-mentioned three defendants (Hess, Smith and Brindle) must be set aside.[5] Using the language of Wiltsie v. California Department of Corrections, 406 F.2d 515, 518 (9th Cir. 1969), which is cited by Judge Friendly in Johnson v. Glick, *supra*,

"It must be clear from what is said above that the 'facts' of this case to which we have been referring are simply those which have been alleged by [Curtis] and which are as yet unproved. We have accepted those allegations of fact as true only for the purpose of this appeal. At the trial the plaintiff will have the burden of proving allegations which state a claim for relief. In addition to contesting those issues of fact, defendants will have an opportunity to develop such other defenses as they may plead."[6]

I.

It is conceded that the complaint states a claim under state law against Everette. This claim arises from the same operative factual situation that constitutes a federal claim against the above three defendants of sufficient substance to confer subject matter jurisdiction on the district court. Under these circumstances, it was held in United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966), that the district court had the power to hear the pendent claim

". . . whenever there is a claim 'arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority . . . ,' U.S. Const., Art. III, § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.' The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. . . . The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that

5. We note that the district court relied on Gray v. Creamer, 329 F.Supp. 418 (W.D. Pa.1971), in dismissing the complaint on August 8, 1972, and our decision reversing that opinion was not filed until August 14, 1972. See Gray v. Creamer, 465 F.2d 179 (3d Cir. 1972).

6. As stated in Brown v. Brown, 368 F.2d 992, 993 (9th Cir. 1966),

"The pleadings filed by appellant contain allegations which could be said to tax a reader's credulity. · . . . However, in passing on a motion to dismiss for failure to state a claim, the facts set forth in the complaint must be assumed to be true."

he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole."

The fact finder may well be enlightened rather than confused by having Everette's connection with, and responsibility for, the alleged assault presented in the same trial. See Nelson v. Keefer, 451 F.2d 289, 291 (3d Cir. 1971); Jacobson v. Atlantic City Hospital, 392 F.2d 149, 153–155 (3d Cir. 1968); Wilson v. American Chain & Cable Co., 364 F.2d 558, 564 (3d Cir. 1966).[7] The Supreme Court recently noted that the trend of decisions throughout the courts of appeals since *Gibbs* has been to recognize the existence of judicial power to hear pendent claims involving pendent parties where "the entire action before the court comprises but one constitutional 'case'," as defined above. See Moor v. County of Alameda, 411 U.S. 693, 711–715 and n. 28, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973). Pendent jurisdiction of a claim similar to the claim against Everette has recently been approved by the Second Circuit. See Leather's Best, Inc. v. S. S. Mormaclynx, 451 F.2d 800, 809–811 (2d Cir. 1971) (Friendly, Chief Judge).[8] Mr. Justice Brennan has recently stated in *Moor, supra,* 411 U.S. at 716, 93 S.Ct. 1785, that "broad discretion" should be given to the district court "in evaluating such matters," but the district court in this case never considered the possible exercise of discre-

tion since it dismissed the action against all defendants except Everette on the ground that the complaint failed to state a claim upon which relief can be granted. We have concluded that the complaint against Everette should be remanded to the district court so that it may consider the exercise of "the substantial element of discretion inherent in the doctrine of pendent jurisdiction." See *Moor, supra* at 716–717 n. 36, 93 S. Ct. 1799.[9]

For the foregoing reasons, the district court order will be vacated, and the case remanded for further proceedings consistent with this opinion, insofar as it dismisses the complaint against Everette.

## II.

There were also named as defendants Arthur T. Prasse, Commissioner of Corrections of the Commonwealth of Pennsylvania, and Harry E. Russell, Superintendent of the Huntingdon Correctional Institute. Plaintiff's brief states its claim against these defendants as follows:

"Although appellees Prasse and Russell were not present at the time of the injury, it is alleged that due to thirteen reasons they breached a duty specifically owed to appellant Warren Curtis, and that as a result of the breach of that duty appellant suffered personal injury and deprivation of constitutional rights. (Complaint, Paragraphs 16, 17; See Appendix, p.

---

7. The above-cited cases involved situations where, in addition to stating a claim that independently met federal jurisdictional requirements, the complaint stated a related claim involving different parties which met the diversity of citizenship requirement but failed to meet the jurisdictional amount requirement. In each case, the Third Circuit held that, nevertheless, it was permissible for the district court to apply the doctrine of pendent jurisdiction because the claims were such that a plaintiff would ordinarily be expected to try them in one judicial proceeding.. Therefore, this case (see third

cause of action), where the pendent claim meets the jurisdictional amount but fails to meet the diversity requirement, falls within the principle of *Gibbs, supra.*

8. See also Almenares v. Wyman, 453 F.2d 1075, 1083–1085 (2d Cir. 1971); Astor-Honor, Inc. v. Grosset & Dunlap, Inc., 441 F.2d 627, 629 (2d Cir. 1971).

9. We note the unusual circumstances of this case, where the primarily active tortfeasor's part is so crucial in the alleged tortious event.

10, 11.) Among other reasons it is alleged that appellees Prasse, Russell, the Bureau of Corrections, and the Commonwealth of Pennsylvania did intentionally, wilfully and recklessly cause appellant's personal injury and deprivation of his constitutional rights by failing to provide adequate training to the guards for the protection of inmates, failing to hire adequate personnel to protect the inmates, permitting prisoners to retain home-made weapons, failing to inspect prisoners leaving the dining room for secreted kitchen utensils which are converted to weapons, failing to inspect the cells for weapons, and allowing the said dangerous conditions to continue with actual knowledge. (Complaint, Paragraphs 16, 17; See Appendix, p. 10, 11). [page 2]

". . . the allegations are made, not on the basis of *respondeat superior*, but on the basis of personal liability for these acts by the defendants, Prasse, Russell, the Bureau of Corrections, and the Commonwealth of Pennsylvania. All these appellees clearly had a common law and statutory duty to keep Warren Curtis in 'safe custody'. 61 Purdon's Statutes § 74." [page 12] [10]

Assuming that there is a duty under Pennsylvania law to make reasonable efforts to keep plaintiff in "safe custody," there is no allegation of facts indicating intentional action by these defendants "under color of" state law subjecting plaintiff or causing plaintiff to be subjected to deprivation of his civil rights. See Howell v. Cataldi, *supra*; Williams v. Field, 416 F.2d 483 (9th Cir. 1969), cert. denied, 397 U.S. 1016,

90 S.Ct. 1252, 25 L.Ed.2d 431 (1969); *cf.* Moor v. County of Alameda, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973); Kish v. County of Milwaukee, *supra*, 441 F.2d at 904.[11] The Kish case states that a clear abuse of discretion in operating a jail is necessary to make the superintendent (Russell) liable for an assault such as this. This court has repeatedly held that conclusory allegations, such as "intentionally, wilfully and recklessly," without supporting facts are not sufficient to make out a complaint under 42 U.S.C. § 1983. See Negrich v. Hohn, 379 F.2d 213, 215 (3d Cir. 1967); Kauffman v. Moss, 420 F.2d 1270, 1275 (3d Cir. 1970); Esser v. Weller, 467 F.2d 949, 950 (3d Cir. 1972). There are no allegations that Prasse or Russell had reason to know Everette would commit such an assault or that similar assaults had taken place.

For these reasons, we will affirm the district court order dismissing the complaint as to defendants Prasse and Russell.

### III.

The district court order must also be affirmed insofar as it dismissed the complaint against the Commonwealth of Pennsylvania and the Bureau of Corrections of that Commonwealth, who are not "person[s]" within the use of that term in 42 U.S.C. § 1983 and hence not subject to suit under that section of the Civil Rights Act. See Moor v. County of Alameda, *supra*, 411 U.S. at 699–700 and 706–710, 93 S.Ct. 1785, 36 L.Ed.2d 596; Monroe v. Pape, 365 U.S. 167, 187–191, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84, 86 n. 2 (3d Cir. 1969).

---

10. With reference to possible liability under the doctrine of respondeat superior, which is not relied on by plaintiff in this case, see Vicarious Liability Under Section 1983, 6 Indiana Law Review 509 (1973).

11. It is noted that 61 P.S. 74, cited by appellant, imposes a duty upon defendant Russell as "superintendent" only where a prisoner has been transferred or retransferred due to overcrowded conditions (see 61 P.S. 72) and there is no allegation in the complaint of any transfer or retransfer of plaintiff to the Huntingdon Correctional Institute. Furthermore, it is clear that 61 P.S. 74 imposes no duty upon defendant Prasse, who is alleged to be Commissioner of the Bureau of Corrections.

For the above reasons, the above-mentioned August 8, 1972, district court order will be vacated insofar as it dismissed the complaint against defendants Everette, Smith, Hess and Brindle, and the case will be remanded to the district court for further proceedings as to these defendants in accordance with this opinion. In all other respects, such district court order is affirmed.

McLAUGHLIN, Circuit Judge (dissenting).

I must respectfully dissent from the conclusion reached by the majority as to defendants Everette, Smith, Hess and Brindle.

The Supreme Court's decision in Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) requires that the Civil Rights Act, particularly 42 U.S.C. § 1983, "should be read against the background of tort liability that makes a man responsible for the natural consequences of his actions." Id. at 187, 81 S.Ct. at 484. However, this should not be construed to mean that every tort constitutes a denial of rights, privileges and immunities secured by the Constitution and Laws of the United States simply because such tort is committed under "color of law". Here, one inmate of a state correctional institute atrociously assaulted a fellow inmate, appellant herein. Appellant alleged that the presence of the defendants, Hess, Smith and Brindle (prison personnel), at the scene of the attack and their failure to adequately restrain the attacker constituted conduct under "color of law" and therefore a violation of federally guaranteed rights. These allegations are frivolous and clearly insufficient to establish a cause of action under 42 U.S.C. § 1983.

Appellant's remedy should have been pursued in the State courts of the Commonwealth of Pennsylvania under general tort principles of the common law. Therefore, the district court properly dismissed appellant's complaint against all defendants for failure to state a cause of action upon which relief can be granted.