**Alfred Samuel ZYNN, Jr., Appellant**

v.

**Sgt. Charles O'DONNELL.**

**No. 82–1225.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
Sept. 27, 1982.

Decided Sept. 28, 1982.

Alfred S. Zynn, Jr., pro se.

Michael J. Plevyak, Alan R. Shaddinger, Malcolm & Riley, P.C., West Chester, Pa., for Sgt. Charles O'Donnell.

Before GIBBONS, MARIS and GARTH, Circuit Judges.

**OPINION OF THE COURT**

GIBBONS, Circuit Judge.

Alfred Samuel Zynn, Jr. appeals from an order dismissing his pro se complaint, brought pursuant to 42 U.S.C. § 1983, against Sgt. Charles O'Donnell of the Coatesville, Pennsylvania police department, for failure to state a claim upon which relief may be granted. The complaint, in relevant part, alleges:

> Plaintiff was arrested by Sgt. Charles O'Donnell and Officer Teti on 6/20/81. Plaintiff was sitting on a bench handcuffed behind his back while Off. Teti was trying to obtain information about said crime, when Sgt. O'Donnell run [sic] into the office and punched me in the

back of the head, chocked [sic] me till I couldn't breath [sic] said you had enough fucking punk, through [sic] me by the neck to the floor than kicked me in the hip, in front of Off. Teti and the alleged victon [sic] of the crime John Tapealava, 7 Hundred Block of Coatesville, Pa. and another officer who was on duty but I don't know who he was, records should indicate him.

Since the complaint was filed by an unrepresented litigant we must, before affirming a Rule 12(b)(6) dismissal, find that it is clear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–596, 30 L.Ed.2d 652 (1973) (quoting in part *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)). Zynn has alleged a specific incident occurring while he was in police custody. He may well be able to prove that Sgt. O'Donnell physically abused him in order to facilitate his interrogation by Officer Teti by means which violated the constitutional prohibition against coerced confessions. Alternatively he may be able to prove that O'Donnell intended to inflict punishment for Zynn's offenses. Moreover on either approach Zynn may be able to prove that O'Donnell was acting under color of his authority as a police officer. *See, e.g., Black v. Stephens,* 662 F.2d 181, 188 (3d Cir. 1981), *cert. denied,* —— U.S. ——, 102 S.Ct. 1646, 71 L.Ed.2d 876 (1982); *Rhodes v. Robinson,* 612 F.2d 766, 771–72 (3d Cir. 1979); *Curtis v. Everette,* 489 F.2d 516, 518–19 (3d Cir. 1973), *cert. denied,* 416 U.S. 995, 94 S.Ct. 2409, 40 L.Ed.2d 774 (1974); *Howell v. Cataldi,* 464 F.2d 272, 281 (3d Cir. 1972). Thus it was error to dismiss the complaint on a Rule 12(b)(6) motion. The order dismissing it shall be reversed and the case remanded for further proceedings.

Zynn has moved in this court for the appointment of counsel. That motion will be denied as moot, without prejudice, to its renewal in the district court.