**Rodney KELLY, Plaintiff,**

v.

**Harold MILLER, Captain Williams and Lt. Hernandez, Defendants.**

**Civ. No. 84–1390.**

United States District Court,
M.D. Pennsylvania.

July 8, 1985.

Rodney Kelly, pro se.

Timothy B. Haney, Asst. U.S. Atty., Harrisburg, Pa., for defendants.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

We consider here an action brought pursuant to 28 U.S.C. § 1331 filed by an inmate who is currently incarcerated at the United States Prison at Marion, Illinois. Plaintiff Kelly alleges that his disciplinary transfer to Marion from the United States Prison at Lewisburg, Pennsylvania was accomplished in derogation of the due process guarantees of the Fifth Amendment. He

contends also that the practice of keeping him in restraints at Lewisburg during the weeks immediately preceding this transfer placed him in such a precarious position vis-a-vis unrestrained inmates as to amount to cruel and unusual punishment proscribed by the Eighth Amendment.

The government has moved for dismissal of this case or, in the alternative, for summary judgment. The motion has been briefed as has Plaintiff's opposition to it. This case is now ripe for disposition.

## I. DUE PROCESS CLAIM

Plaintiff was transferred to Marion in the wake of the murder of inmate William Doran at Lewisburg on March 15, 1984. An investigation ensued by the Federal Bureau of Investigation which, over a period of some 14 weeks, uncovered information which implicates Plaintiff as an accessory to Doran's murder.[1] Plaintiff denies any part in the slaying of Doran and complains that he was not allowed to present witnesses whose testimony would doubtless have exonerated him. The record indicates otherwise.

■ The misconduct report which resulted in Plaintiff's transfer was not written until July 3, 1984. The hearing in connection with the report was not held until September 15, 1984. The record indicates that the only reason for this time lapse between formal notification to Plaintiff of the charges and his hearing thereon was to grant him an opportunity to gather exculpatory testimony. The record further indicates that only 1 of the 3 persons whose testimony Plaintiff sought gave an account favorable to him.[2] The statements provided by these parties were considered by the Hearing Committee along with statements by confidential informants and the contents

---

[1]. The content of the F.B.I.'s report was submitted to this Court for *in camera* review. After examining the report, we conclude that it provides an ample evidentiary basis for the Institutional Disciplinary Committee's decision of September 15, 1984. It is obvious that the needs of institutional security mandate that Plaintiff Kelly not be permitted to read this report. See

*Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

[2]. Plaintiff requested statements from fellow inmates Nathan Greene and Larry Allston and Correctional Supervisor William A. Fowler. Only Greene's statement provides testimony which is favorable to Plaintiff Kelly.

of the aforementioned investigative report compiled by F.B.I. agents. Our review of the totality of the evidence available to the Hearing Committee convinces this Court that the weight of the evidence clearly supports the decision to punish Plaintiff via a disciplinary transfer. We find also that the mechanics of due process in the prison disciplinary setting as delineated in *Wolff,* supra, were followed precisely. Plaintiff had the requisite written notice, opportunity to prepare a defense, and opportunity to be heard. In light of this compliance with procedural requirements and what we find to be a preponderance of evidence indicating Plaintiff's complicity in Doran's death, this Court can find no fault with Plaintiff's transfer to U.S.P. Marion.

## II. EIGHTH AMENDMENT CLAIM

█ Plaintiff also contends that, in the interim between his conviction on the pertinent misconduct charge and his actual transfer to Marion, he was restrained at times when he was accessible to unrestrained inmates. He claims that this exposed him to such pervasive danger as to constitute cruel and unusual punishment. For its part, the government admits that Plaintiff was placed in restraints. However, the government avers[3] that at all pertinent times our Plaintiff was escorted by no fewer than 3 prison guards. Moreover, Plaintiff was never assaulted during the period when he was in restraints. This lack of aggressive behavior toward an inmate who contends that he was subjected to a pervasive risk of harm is itself indicative of the fact that his physical well-being was reasonably guarded by prison personnel. We do not see that Plaintiff has demonstrated the type of willful neglect necessary to support this type of claim. See *Withers v. Levine,* 615 F.2d 158 (1980).

## III. CONCLUSION

Plaintiff has not provided this Court with any indication as to how he might prove either of these claims at trial. Defendants, on the other hand, have provided the Court with much documentation, including affidavits, the veracity of which we must credit in the absence of documentation to the contrary. A summary judgment motion accompanied by such affidavits forces the party against whom it is directed to show that there are material facts in dispute. Rule 56(e) of the Federal Rules of Civil Procedure provides in pertinent part:

... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

In the instant case, Plaintiff has opposed Defendants' summary judgment motion only to the extent that he reminds the Court that *pro se* complaints are to be liberally construed and not *dismissed* if, given their most favorable reading, they state a potentially viable cause of action. See *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). If, *arguendo,* we grant that Plaintiff has stated a potentially meritorious claim, he still has done nothing to counter Defendants' alternative motion for *summary judgment.* Thus, we must conclude that no material facts are in dispute.

We must now determine whether the facts militate that the Defendants are entitled to judgment as a matter of law. Since they have moved for summary judgment, they have conceded that the other party's factual allegations are true for purposes of the motion. See *Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d,* Volume 10A § 2720 at page 29. See also *McKenzie v. Sawyer,* 684 F.2d 62 (1982). Regarding his due process allegation that he was not allowed to present witnesses in his behalf at his disciplinary hearing, Plaintiff's complaint is plainly un-

---

**3.** See affidavit of Raymond Hernandez, Exhibit "4" to Docket Item 11.

tenable since there is no unqualified inmate right to such witnesses at such a proceeding. Prison officials do possess broad discretion to refuse inmate requests to have witnesses present at disciplinary hearings. See *Woods v. Marks,* 742 F.2d 770 (1984). They do not, however, have authority to engage in arbitrary decision-making. *Id.* at 774. Nevertheless, the fact that statements were solicited from witnesses of Plaintiff's choosing and considered by the hearing panel is enough to enable the decision rendered to escape any characterization as arbitrary. Thus, it must stand.

Regarding Plaintiff's claim of cruel and unusual punishment, he does not deny that he was escorted by prison guards whenever he was placed in restraints. He does not allege that he suffered physical harm. Therefore, we do not see that he suffered any injury and we hold that Defendants are entitled to judgment as a matter of law on this aspect of his claim as well. As a final note, we add that the mode of incarceration and place of incarceration of inmates entrusted to their care is something normally left to the expertise of prison officials who are uniquely qualified to make such determinations. See *Curtis v. Everette,* 489 F.2d 516 (1973). An appropriate *Order* follows.

### ORDER

AND NOW, this 8th day of July, 1985, IT IS ORDERED as follows:

1. Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(e) is granted.

2. Judgment is hereby entered in Defendants' favor and the Clerk of Courts is directed to close this case.