**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2167
_____

ROBERT ENDRIKAT,
Appellant

v.

GEORGE M. LITTLE; DEBOROH L. CARPENTER; MARK WAHL;
DAVID CHAPLE; NICOLE ELLIOTT, a/k/a Nicole Cush
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-21-cv-01684)
District Judge:  Honorable Yvette Kane
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 12, 2023
Before:  HARDIMAN, MONTGOMERY-REEVES, and NYGAARD, Circuit Judges

(Opinion filed: December 8, 2023)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se litigant Robert Endrikat, a prisoner in forma pauperis, appeals the District Court's dismissal of his third amended complaint. We will summarily affirm.

Endrikat initially filed a 340-page complaint, coupled with 377 pages of exhibits, against 47 defendants in which he alleged that they violated his constitutional rights under 42 U.S.C. § 1983 by denying him access to programs required for parole eligibility. Reviewing the complaint under 28 U.S.C. § 1915A, the District Court determined that the complaint's excessive length, along with its lack of clarity and specificity, violated the requirement that a complaint contain a short and plain statement showing that the plaintiff is entitled to relief. See Fed. R. Civ. P. 8. The District Court therefore dismissed the complaint with leave to amend, and pointedly advised him about the need to file a new, freestanding complaint that would refrain from the use of conclusory statements and set out his claims in short, concise, and plain language.

Endrikat filed an amended complaint. Upon review, the District Court concluded that it suffered from apparent defects with respect to 40 of the 47 Defendants. The District Court noted that three Defendants—the Pennsylvania Department of Corrections, the Pennsylvania Board of Probation and Parole, and State Correctional Institution Waymart ("Waymart"), where Endrikat was housed during the events at issue in this proceeding—may not be sued under § 1983, as none of them is considered a "person" for the purpose of that statute. Additionally, the District Court concluded 37 of the

Defendants were subject to dismissal because Endrikat did not claim that they were personally involved in the alleged violations.

This left only 7 Defendants against whom Endrikat made specific factual allegations: Chaple, Elliott, Gorman, Gilmartin, McDermott, Kaye and Porosky. Endrikat alleged that Gorman and Chaple refused to enroll Endrikat in courses required for parole eligibility, and that Elliot refused to correct his record so that he would be denied parole. He further alleged that Chaple told him that he would not be recommended for parole and that Chaple would revoke his scheduled parole hearing and refuse to enroll him in the necessary courses. Endrikat argued that these actions were in retaliation for Endrikat's direct submission of his documents to the parole board.

He also claimed that Gorman, Gilmartin, and McDermott "failed to lower" Endrikat's security classification, thereby rendering him ineligible for parole, and refused to enroll him the necessary courses. He also alleged that Gilmartin fabricated misconduct charges against him so that there would be a reason to revoke his parole hearing. He alleged that Kaye and Porosky attempted to retaliate against him and harass him by giving him a work assignment that he could not do so that they could disciple him and file a false report against him. He also claimed that Kaye, Gilmartin, Gorman, Elliott, and McDermott falsely claimed that he had been refusing work and class assignments. Endrikat further alleged that Chaple told him that he was denied a parole hearing in March 2020 because he had not completed the required courses, and that McDermott told

3

him in September 2020 that he could not see the parole board. Finally, he claimed that he was not given adequate time to work on his case in the prison's law library.

The District Court concluded that Endrikat's claims against Gorman, Gilmartin, and McDermott were conclusory and lacked sufficient factual support. It also concluded that the claims against Kaye and Porosky were flawed because Endrikat failed to state a prima facie claim of retaliation against them. Likewise, the District Court determined that Endrikat failed to state a claim regarding law library access because he did not argue that this alleged lack of access caused an actual injury related to his ability to pursue a nonfrivolous legal claim. However, the District Court concluded that Endrikat's claims against Chaple and Elliott could proceed.

For these reasons, the District Court dismissed without prejudice, and with leave to amend, Endrikat's amended complaint with respect to all Defendants except Chaple and Elliott, with claims against these two Defendants being allowed to proceed if Endrikat did not file a second amended complaint. But Endrikat filed a 240-page second amended complaint that came with 309 pages of exhibits and a 12-page memorandum of law. Again citing Federal Rule of Civil Procedure 8, the District Court dismissed Endrikat's second amended complaint because of its excessive length, lack of clarity, and dearth of details. The District Court denied further leave to amend with respect to Endrikat's claims against all Defendants other than Chaple and Elliott, and granted him a final opportunity to state his claims against these two Defendants. The District Court

4

again cautioned Endrikat to avoid conclusory statements and to provide a complete complaint that stated his claims in short, plain, and concise language.

Endrikat filed a 73-page third amended complaint, along with 30 pages of exhibits. In it, Endrikat again included claims against Defendants other than Chaple and Elliott; the District Court dismissed these claims because it had not granted Endrikat leave to include them. Turning to the claims against Chaple and Elliott for declaratory relief and money damages, the District Court noted that Endrikat failed to exhaust his administrative remedies with respect to monetary relief because he did not request this relief in his initial grievance, as required by prison policy. The District Court also noted that his claim for declaratory relief was moot due to his transfer to another prison. It therefore dismissed his complaint for failure to state a claim, and closed the case. It did not grant further leave to amend, citing Endrikat's prior failures to file a complaint that complied with the Federal Rules of Civil Procedure. Endrikat appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's dismissal under 28 U.S.C. § 1915(e)(2)(B). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may take summary action when no substantial issue is presented on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

When reviewing a complaint under §1915A, a district court applies the standard governing motions to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). See Seiverling, 229 F.3d at 223. To avoid dismissal under this rule, a civil complaint

must present "sufficient factual matter" to demonstrate that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard requires stating more than the possibility of the alleged event occurring. Id. at 679. When evaluating the plausibility of a claim, a district court must accept as true all factual allegations and all reasonable inferences that arise from those allegations, viewed in the light most favorable to the plaintiff. Id. at 678. Conclusory statements and mere recitations of the elements of a claim are insufficient to survive a motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A plaintiff must also provide a "short and plain statement of the claim showing the pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2). Notwithstanding a liberal construction of a pro se litigant's complaint, if it is excessively lengthy and lacks clarity, it is in violation of this rule and is subject to dismissal. See In re Westinghouse Sec. Litig., 90 F.3d 696, 703 (3d Cir. 1996). For this reason, the District Court correctly dismissed Endrikat's initial complaint.

Turning to his first amended complaint, we concur with the District Court's assessment that Endrikat failed to state a claim with respect to Defendants Pennsylvania Department of Corrections ("PDOC"), Waymart, and the Pennsylvania Board of Probation and Parole, as they are not subject to suit under § 1983 See Curtis v. Everette, 489 F.2d 516, 521 (3d Cir. 1973); Thompson v. Burke, 556 F.2d 231, 232 (3d Cir. 1977).

6

Turning to the claims against Defendants Gorman, Gilmartin, McDermott, Kaye, and Porosky, Endrikat fails to present facts sufficient to support a finding in his favor. See Twombly, 550 U.S. at 555. The same is true for his lack of access to the courts claim. See Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008) (noting that to succeed on a lack of access to the court claim related to a lack of access to a prison law library, a plaintiff needs to allege that the lack of access to the law library hindered his ability to pursue a nonfrivolous legal claim). Consequently, dismissal of these claims was appropriate. Likewise, we concur with the dismissal of the claims against the remaining Defendants, because Endrikat failed to claim that they were personally involved in the alleged violations and did not present facts suggesting that they were. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d. Cir. 1988) (holding that a defendant cannot be liable for a § 1983 violation if they were not personally involved in the alleged wrong).

Endrikat's second amended complaint also warranted dismissal because, like his initial complaint, it failed to satisfy the requirement for brevity and clarity. See Fed. R. Civ. P. 8. Finally, regarding his third amended complaint, the District Court correctly dismissed all claims other than those brought against Chaple and Elliot, because Endrikat did not have leave from the court to amend those claims. Turning to the claims against these two Defendants, we again concur with the District Court. Endrikat's transfer to a different facility mooted his request for declaratory relief, see Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003), and he did not request damages in his initial grievance,

7

thereby failing to exhaust his administrative remedies, even though he sought damages during the administrative appeal process. See Commonwealth of Pennsylvania, Department of Corrections, Inmate Grievance System, Policy No. DC-ADM 804(1)(A)(11)(d); Byrd v. Shannon, 715 F.3d 117, 127 (3d Cir. 2013) ("[P]risoners are required to complete the administrative review process in accordance with rules that are defined by the prison grievance process."). Consequently, dismissal was warranted. Finally, we agree with the District Court that further amendment of Endrikat's complaint would be futile. Not only did the District Court repeatedly allow him leave to amend, it did so with fairly extensive explanations of how to file a complaint that complied with Rules 8 and 12(b)(6), but to little avail.

For these reasons, we conclude that there is no substantial question presented on appeal, and will affirm the District Court's dismissal of Endrikat's claims. We also deny his motion for appointment of counsel.

8